**In re LARSON.**

**Patent Appeal No. 3425.**

Court of Customs and Patent Appeals.
Feb. 25, 1935.

Rector, Hibben, Davis & Macauley, of Chicago, Ill. (Francis D. Thomas and Charles M. Thomas, both of Washington, D. C., and John W. Darley, of Chicago, Ill., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the Examiner, rejecting, for want of invention in view of the prior art, claim 18 of appellant's application for patent. Claims 4, 6, and 17 of said application were allowed; claim 18, here on appeal, reads as follows: "18. A battery terminal clamp of the class described comprising an integral one-piece split ring each end of which has a passage therethrough, a clamping and spreading bolt having portions extending through said passages and normally inseparable therefrom, formations on the ring completely within each passage, formations on each portion of the bolt projecting through said passages, the respective formations on the bolt portions cooperating with the respective first named formations within the pas-sages to spread the ring when the bolt is rotated in one direction and to contract the ring when the bolt is rotated in the other direction."

The references cited are: Goodfellow, 1,166,673, January 4, 1916; Rensch, 1,596,891, August 24, 1926.

Appellant's application relates to a battery connector to be clamped upon the upstanding lug of a storage battery. The connector comprises a split ring, the legs of which are drawn together or spread by a bolt. In the device shown in the drawings, each of said legs of the ring has an aperture therethrough, one of which apertures is threaded to engage the threads on the end of the bolt; the other aperture is not threaded, but permits the passage of the bolt. The leg of the ring having the unthreaded aperture through which the bolt is introduced contains an enlarged space of a size to accommodate a pair of annular, spaced collars on the bolt, near the head thereof; the spaces between these collars and on opposite sides of the bolt are engaged by the legs of a staple, said staple being first inserted through holes in the leg of the ring itself. Thus, relative movement of this ring leg longitudinally of the bolt is impossible. Accordingly, as the bolt is turned in one direction the progress of the threaded end through the threaded leg draws said leg toward the other leg, thus clamping the ring upon the battery post; rotation of the bolt in the reverse direction results in the spreading of the legs of the ring, thus releasing the clamping effect of the ring upon said battery post.

The reference patent to Rensch discloses a split ring for use as a connector to a battery terminal. The legs of this ring are perforated to allow the passage therethrough of a bolt; swiveled upon this bolt is a member which in form is the shape of a reversed "E," the outer arms of the member embracing the outside edges of the legs of the split ring, and the center arm of the member being interposed between the legs of said ring. All of the arms of said member are perforated to permit passage of the aforesaid bolt; when thus assembled, the assembly is held in place by means of a nut placed on the threaded end of the bolt. The swiveled member above described is designed to be rotated through an arc of substantially 90°, and the inner surfaces of the outside arms of said member are inclined in such manner that they co-operate with inclined surfaces on the outside edges

of the ring jaws so that, when said member is turned to one position, the outside arms function to press the jaws of the ring together, thus clamping the ring on the battery terminal. Similarly, there are co-operating inclined surfaces on the inner edges of the split ring jaws and upon the outside edges of the center arm of the swiveled member, which surfaces function to spread apart the jaws of the split ring when the swiveled member is returned to the other position, this return to position acting at the same time to release the pressure exerted upon the jaws of the ring by the outer arms of said swiveled member.

The patent to Goodfellow discloses a clamp for clamping together two ropes, or the juncture of the two ends of a rope. It consists of two clamping plates which complement each other; at opposite ends of the respective plates are guide arms at right angles to said plates, the guide arm of each plate entering an open-ended slot in the end of the outer plate, which arms and slots function to keep the plates in alignment. Through the center of the plates there is passed a bolt, said bolt having right-hand threads on one end and left-hand threads on the other end. The respective plates are likewise threaded to accommodate these threads, one of said plates being threaded to receive the right-hand threads upon the bolt, and the other plate threaded to receive the left-hand threads of said bolt. The result is that, when the bolt is rotated in one direction, it operates to draw the clamping plates together, thus exerting pressure on the ropes to be clamped. Rotation of the bolt in the reverse direction operates to spread the clamping plates apart.

With respect to these references the Examiner stated: "The Rensch patent shows that—is old to use a double cam surface on a member to positively open and close the arms of a split ring battery connector. In view of the common practice of using right and left hand threads, and a reversely threaded bolt on clamps to provide a positive opening and releasing means as shown by the Goodfellow patent for instance, there is believed to be no invention broadly in using such expedient in the arms of a battery or other clamp."

The Board of Appeals in its decision stated: "The examiner has allowed claims 4, 6 and 17 which include as limitations the structure of the head of the bolt by which longitudinal movement is prevented and the means in which an acid-resisting material is stored, but has rejected the appealed claim on the ground that it distinguishes from Rensch only by the provision of formations in the ends of the split ring which so cooperate with formations on the bolt that the clamp may be tightened or released. This claim appears to be broad enough to read on Rensch if the tightening means disclosed by Rensch is replaced by the right and left-hand threaded bolt disclosed by Goodfellow. Such a substitution would not, we consider, be a matter of invention and must agree with the examiner that the appealed claim should not be allowed."

Appellant's counsel in his brief states:

"It was the Primary Examiner's contention that the claim under appeal is sufficiently broad to cover a battery connector having a clamping and spreading bolt provided with right and left hand threads. Appellant acquiesces in this contention for, in fact, *the claim was drawn with the express purpose of covering such a construction.* (Italics ours.)

"The Examiner accordingly held that, since the Rensch patent shows that it is old to use a double cam surface on a member to positively open and close the arms of a split right battery connector, it would not constitute invention, broadly speaking, in view of the common practice of using right and left hand threads and, particularly, in view of the use of the reversely threaded bolt on the clamp shown in the Goodfellow patent, to use such an expedient in the ends of the Rensch clamp. The Board of Appeals sustained this holding."

The brief further states: "In the prosecution of applications before the Patent Office, the rule is well established that, where a claim is rejected on a plurality of references, at least one of the references ordinarily should show the general combination claimed (Ex parte McCollum, 1914 C. D. 70; Ex parte Copeman, 1 U. S. Pat. Quar. 8; Ex parte Farnsworth, 1 U. S. Pat. Quar. 155; Ex parte Juhasz, 3 U. S. Pat. Quar. 203; Ex parte Dann, 8 U. S. Pat. Quar. 367). The general combination set forth in the appealed claim involves *an integral one-piece split ring and a clamping and spreading bolt having portions extending through passages in the ends of the ring, with formations on the bolt and in the passages cooperating for the indicated purpose.*" (Italics quoted.)

The Solicitor for the Patent Office takes issue with the statement last above quoted,

and asserts that the general combination set out in claim 18 is for a split clamping ring and a means for closing or opening the split, that Rensch shows this general combination, and that the question of patentability of claim 18 rests upon whether the specific means claimed for opening or closing the split is inventive.

We are in agreement with this view, and the question before us is whether it would involve invention to substitute a right and left hand threaded bolt, shown by Goodfellow, for the specific tightening means shown by Rensch. Both of the tribunals of the Patent Office were of the opinion that it would not.

Appellant's counsel contends that a right and left hand threaded bolt could not be used in the Rensch structure by spreading the ends of Rensch's split ring to permit the insertion of the threaded bolt in the ends of the ring, because, to quote the language of appellant's brief, "in order to thread a screw in a threaded hole, the axes of the hole and of the screw must be in absolute alignment." If this point may be deemed to be well taken, it seems to us that the objection to the use of a right and left hand threaded bolt would also apply to appellant's structure, and yet appellant asserts that claim 18 "was drawn with the express purpose of covering such a construction."

However this may be, we are not satisfied that the Patent Office tribunals were in error in holding that a right and left hand threaded bolt could be substituted for the specific tightening means shown by Rensch without the exercise of invention. The Solicitor for the Patent Office suggests that the bolt could originally be in two parts, each part inserted separately, and the two parts afterward welded, and he calls attention to the fact that claim 18 is for an article and not for the process of making it. As hereinbefore noted, it seems clear that the practical difficulties in using a left and right hand threaded bolt in a split ring, urged by appellant in discussing the references, also inhere in applying such a bolt to appellant's split ring; it is significant that appellant does not deem these difficulties to be so insurmountable as to prevent him from urging a claim covering such a structure, although his application discloses no method of making such an article that does away with such difficulties. It would therefore seem that appellant deemed that the method of making his de-vice, employing a bolt having a right and left hand thread, would be obvious to one skilled in the art.

The question therefore remains whether it involved invention for appellant to employ a right and left hand threaded bolt as a clamping means for his split ring, for he states that claim 18 was drawn with the express purpose of covering such a construction.

Having held that the general combination of an integral one-piece split clamping ring with a means for opening and closing the split is shown by Rensch, we cannot say that the concurring decisions of the Patent Office tribunals are manifestly wrong in holding that it did not involve invention to substitute for the specific clamping means shown by Rensch another clamping means old in the art, shown by Goodfellow, to wit, a right and left hand threaded bolt.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.